JoiinsoN, J.
The principle involved in this Case has been settled in the case of Levy vs. Roberts, 1 M‘Cord 395. The rule there laid down is, that if the plaintiff sue in the general jurisdiction for a sum exclusively within it, and it appear that it has been reduced by direct payments within the summary jurisdiction, he shall recover only summary process cost, but if it be so reduced, by discounting an independent demand, he shall recover his costs. The same rule is also laid down in the case of the Cambridge Association, vs. Nichols, (1 Rep. Const. Court, Tread. Ed. 121) and the reasons on which the court proceeded in those cases are, that as in the former case, of direct payment, the Plaintiff must of necessity know the precise amount, and might therefore accommodate his action to the jurisdiction to which it belonged by such deduction; and in the latter might be ignorant of the amount, and the defendant having the election to discount it or not, it would be unjust not to allow the costs of that jurisdiction to which the plaintiff was driven by necessity.
This reasoning applies with equal force to the present case. The debt claimed by the plaintiff was sufficient to carry costs- Ho could net know that the defendant would elect *290 to discount his demand. He was driven, therefore, to this action.
But .it is objected that the act of 1747 (1 Brev. Tit. Cost.) is imperative, that the plaintiff shall not have his costs, unless he recover £20 currency, except in the cases therein excepted.
The question then arises wliat is the amount which the ■Plaintiff has recovered in this case? Nominally only 75 cents, but substantially the whole amount of his demand. The discount of the defendant is in nature of an action against the plaintiff in which the defendant; recovers that amount which when set off against plaintiff gives the bailarme; and in this view the terms of the act have their literal effect; and this is, probably, the true theory of the rule laid down in the cases referred to.
The generally received opinion of the profession, and .the practice of the courts, aie in accordance with this view of ■the subject.
Motion refused,
Bauslcett and Dunlap for the motion,
J. J. Caldwell contra.-